IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MORESIA BROWN HAMILTON,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:23-CV-0146-G-BH |
| ) | |
| **FEDERAL AVIATION** ) | |
| **ADMINISTRATION,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

In a handwritten complaint filed on January 20, 2023, the *pro se* plaintiff sued the Federal Aviation Administration on grounds that air planes were following her on the street and spraying her with chemicals. (*See* doc. 3.) By *Notice of Deficiency and Order* dated January 23, 2023, she was notified that her complaint did not comply with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* doc. 4.) She was also notified that she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil action. (*See id*.) She was ordered to file an amended complaint that complied with Rule 8(a) and identified her claims against each defendant, and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen (14) days. (*See id*.) She was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) Attached to the order were a copy of Rule 8 and

---

[1] By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

an IFP application. (*See id.*)

More than fourteen days from the date of the notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint and either paid the filing fee or submitted an IFP application, and she has not filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with an order to file an amended civil complaint, and to either pay the filing fee or submit a fully completed IFP application, despite a warning that failure to do so could result in dismissal of the case. She has not filed anything else in the case since her initial filing. Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

## III. RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless she files an amended complaint on the correct form and either pays the filing fee or files a fully completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 1st day of March, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE