IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MORESIA BROWN HAMILTON,       ) | |
|     Plaintiff,       ) | |
| vs.       ) | No. 3:23-CV-0146-G-BH |
|       ) | |
| FEDERAL AVIATION       ) | |
| ADMINISTRATION,       ) | |
|     Defendant.       ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the request to reopen this lawsuit, filed on October 19, 2023 (doc. 11), should be liberally construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

### I.  BACKGROUND

In a handwritten complaint filed on January 20, 2023, the *pro se* plaintiff sued the Federal Aviation Administration (FAA) on grounds that air planes were following her on the street and spraying her with chemicals. (*See* doc. 3.) By *Notice of Deficiency and Order* dated January 23, 2023, she was notified that her complaint did not comply with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* doc. 4.)  She was also notified that she had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil action. (*See id*.) She was ordered to file an amended complaint that complied with Rule 8(a) and identified her claims against each defendant she sought to sue, and to either pay the filing fee or submit a fully completed and signed IFP application within fourteen (14) days. (*See id*.)  She was specifically advised that a failure to do so could result in the dismissal

---

[1] By *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for full case management.

of the case for failure to prosecute or comply with court orders. (*See id.*) After more than fourteen days had passed without a response, the case was dismissed on March 23, 2023, for failure to prosecute or follow court orders. (*See* docs. 5-7.) Approximately four months later, Plaintiff filed a new unrelated complaint alleging wrongful termination from employment against a different defendant and an IFP motion. (*See* docs. 8-9.) A new case was opened and Plaintiff's filing were docketed in that new case. (*See* doc. 10.) She now seeks to reopen her case against the FAA, alleging that the federal courts did not apply the rule of law to her lawsuit, that a helicopter is following her, and that she is being used for experiments. (*See* doc. 11.)

## II.  RULE 60(b)

Plaintiff's request to reopen this case may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

With respect to the federal judgment dismissing her case, Plaintiff's motions do not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; that the judgment has been

2

satisfied, released, or discharged, or is based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is no longer equitable. They may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216; *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015).

Plaintiff's motion merely repeats the fantastical allegations in her initial complaint. She has still not complied with the order to file an amended complaint that complies with Rule 8(a) and identifies her claims against each defendant she seeks to sue, and to either pay the filing fee or submit a fully completed and signed IFP application. She has therefore not demonstrated extraordinary circumstances that warrant relief under Rule 60(b)(6).

### III.  RECOMMENDATION

Plaintiff's motion to reopen her case should be liberally construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

**SO RECOMMENDED** on this 24th day of October, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                    IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE